FILED

NOV 2 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1  John A. Thoma
   c/o Private Citizen Eugene J. Kernan
2  Non-Federal/Resident Delivery
   c/o 725 Kapiolani Boulevard # 1502
3  Honolulu, Hawaii  96813

4  Plaintiff
   Judiciary Act of 1789 § 35
5

CASE NUMBER  1:05CV02298

JUDGE: Reggie B. Walton

DECK TYPE: Pro se General Civil

DATE STAMP: 11/28/2005

JURY ACTION

6              # district court of the United States[1]

7                        District of Columbia

8

9  John A. Thoma,                    Case N⁰:

        Plaintiff,              Complaint
10                               (Unlawful Assessment/Collection Activities/
                                 Replevin)
11

12        v.

                                 (Jury Trial Demanded)
13

12  UNITED STATES OF AMERICA

13        Respondent.

14        COMES NOW John A. Thoma, in his own right, Faretta v. California, 422 US 809,

15  reserving his right to Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES

16  CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and the

    INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by EXECUTIVE
17
    ORDER 13107 on December 10, 1998, 63 Federal Register 240, pp 68991-68993 and for his
18
    cause(s) of action, aver(s):
19
    I.    PARTIES
20        A.    Plaintiff is a Citizen of Florida, a Republic, "State in this Union," as established in
                ART. IV § 4 UNITED STATES CONSTITUTION, Hooven & Allison v. Evatt, 324 U.S.
21
                652, 672-674, domiciled at the address shown above.
22        B.    Respondent is the UNITED STATES OF AMERICA.
    II.   JURISDICTION
23

24  [1] As designated in Title 26, United States Code, § 7433.

A.    This action is brought pursuant to section 7433 of the Internal Revenue Code, *Vol 68A, Stat 3, § 7433*, 26 USC § 7433.

    1.    for the recovery, i.e., replevin,[2] of amounts erroneously and illegally assessed and collected as tax against Plaintiff John A. Thoma;

    2.    for reckless, intentional, or negligent disregard of Internal Revenue Code section 6203, i.e., failure to record an assessment for Plaintiff in the office of the Secretary;

        a)    for reckless, intentional, or negligent disregard of federal tax regulation 310.6203-1, i.e., failure to execute a signed summary record of assessment, which includes,

            (1)    identification of the taxpayer;

            (2)    character of liability assessed;

            (3)    taxable period, if applicable; and,

            (4)    amount of assessment

    3.    for reckless, intentional, or negligent disregard of Internal Revenue Code section 6203, i.e., failure to furnish Plaintiff copies of records of assessment upon request; and,

        a)    for reckless, intentional, or negligent disregard of federal tax regulation 301.6203-1, i.e., failure to furnish Plaintiff copies of

---

[2]  Replevin lies to recover goods which are seized under a void process . *Smith v Huntington, 3 NH 76; Denton v Flinchum (Okla) 285 P2d 395².* or judgment. *Iron Cliffs Co. v Lahais, 52 Mich 394, 18 NW 121.* While a process valid on its face is a protection to an officer against personal liability, it affords no justification or defense in replevin unless it is based on a valid and legal judgment or other prerequisite paper or proceedings. *Adams v Hubbard, 30 Mich 104; Power v Kindschi, 58 Wis 539, 17 NW 689²* The rule that an execution fair on its face protects the officer *See Sheriffs, Police, and Constables (1st ed _ 199).* is a rule of protection and cannot be used as a means of attack for offensive purposes and to deprive the rightful owner of his property. Therefore, in an action of replevin, either by the officer or by the owner of the goods, the rule is that the officer, in justifying, must show a valid judgment as the foundation of the action or defense, and that an execution is not sufficient evidence of the officer's right to make the levy and to hold the goods. *Hoover v Jones, 84 Neb 662, 121 NW 975; Cockrell v Schmitt, 20 Okla 207, 94 P 521.* Also, the right of a person whose property has been wrongfully seized on execution to recover the property in an action of replevin is generally recognized. *Emerson v Hopper, 94 Ark 384, 127 SW 467; Hines v Stahl, 79 Kan 88, 99 P 273; Bruen v Ogden, 11 NJL 370.*

summary records of assessment with supporting lists upon request; and

4. for reckless, intentional, or negligent disregard of section 6330 of the Internal Revenue Code of 1986, as amended, *Vol 68A, Stat 3, § 6330*, <u>Title 26, United States Code § 6330</u>, by officers and employees of the Internal Revenue Service.

This court is empowered with subject matter jurisdiction to evaluate the pleadings of Plaintiff, John A. Thoma, under informal, relaxed, and less restrictive guidelines than ordinarily afforded litigants in district courts of the United States, especially *pro se* litigants. *See* <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652.

B. This action is brought also pursuant to the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, <u>ch 324, 60 Stat 237</u>, as amended; <u>Title 5 United States Code §§ 704, and 706(1)</u>, respectively,

1. to compel agency action unlawfully withheld or unreasonably denied; and,

2. for judicial review of final agency actions for which there is no other adequate remedy in a court.

C. Plaintiff may forego exhausting administrative remedies that are either futile or inadequate, <u>Ft. Sumter Tours, Inc. v Andrus</u> (1977, DC SC) 440 F Supp 914, *affd* (CA4 SC) 564 F2d 1119, 24 CCF ¶ 81817; <u>Winterberger v General Teamsters Auto Truck Drivers & Helpers</u> (1977, CA9 Or) 558 F2d 923, 96 BNA LRRM 2092, 82 CCH LC ¶ 10085; <u>Wallace v Lynn</u> (1974) 165 App DC 363, 507 F2d 1186, 8 CCH EPD ¶ 9822, or when agency action exceeds statutory authorization. <u>Georgia Dept. of Transp. v Dole</u> (1983, ND Ga) 561 F Supp 1024; <u>Blue Ribbon Quality Meats, Inc. v Federal Trade Com.</u> (1976, WD Mo) 434 F Supp 159, *affd* (CA8) 560 F2d 874, 1977-2 CCH Trade Cases ¶ 61554.

D. The district court of the United States has jurisdiction pursuant to

1. Section 7433(a) of the Internal Revenue Code of 1986, as amended, *Vol 68A, Stat 3, § 7433(a)*, <u>Title 26, United States Code, § 7433(a)</u>; and

2. the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, <u>ch 324, 60 Stat 237</u>, as amended; <u>Title 5 United States Code § 704</u>, for final agency

1    actions for which there is no other adequate remedy in a court;

2    3.    the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, ch 324, 60 Stat

3    237, as amended; Title 5 United States Code § 706(1), to compel agency

      action unlawfully withheld or unreasonably denied; and,

4

5    The court has power to hold unlawful and set aside agency action findings, and
      conclusions found to be -

6    a)    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in
              accordance with law;

7    b)    (B) contrary to constitutional right, power, privilege, or immunity;

     c)    (C) in excess of statutory jurisdiction, authority, or limitations, or
8             short of statutory right;

     d)    (D) without observance of procedure required by law;
9    e)    (E) unsupported by substantial evidence in a case subject to
              sections 556 and 557 of this title [Title 5] or otherwise reviewed on
10            the record of an agency hearing provided by statute; or

     f)    (F) unwarranted by the facts to the extent that the facts are subject
11            to trial de novo by the reviewing court. In making the foregoing
              determinations, the court shall review the whole record or those
12            parts of it cited by a party, and due account shall be taken of the
              rule of prejudicial error.

13

14

     E.    The Court further:
15
     1.    has federal question jurisdiction pursuant to Title 28 United States Code §
16           1331 with respect to federal record-keeping matters under

17   a)    the Federal Records Act;

18   b)    the National Archives Act;

     c)    the Freedom of Information Act; and,
19
     d)    the Privacy Act of 1974;
20
     2.    has jurisdiction of action in the nature of mandamus to compel
21           performance of a duty by an officer or employee of an agency of the

             United States, pursuant to P. L. 87-748, § 1(a), 76 Stat. 744, Title 28
22           United States Code § 1361; the ADMINISTRATIVE PROCEDURE ACT, June

23           11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code §
             705; and,
24

3.    has jurisdiction under the ALL WRITS ACT, Title 28 United States Code § 1651[3].

F.    Venue is proper pursuant to Title 28 United States Code § 1391.

III.    ISSUES

A.    Section 7433(a) of the Internal Revenue Code, *Vol 68A, Stat 3, § 7433(a)*, Title 26, United States Code § 7433(a), states:

> "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

B.    Federal tax regulation 301.7433-1(a), Title 26, Code of Federal Regulations, § 301.7433-1(a), reiterates,

> "If, in connection with the collection of a federal tax with respect to a taxpayer, an officer or an employee of the Internal Revenue Service recklessly or intentionally[4] disregards any provision of the Internal Revenue Code or any regulation promulgated under the Internal Revenue Code, such taxpayer may bring a civil action for damages against the United States in federal district court."

C.    Section 6330 of the Internal Revenue Code, Title 26, United States Code, § 6330(c)(2)(B) grants a statutory right to a Collection Due Process hearing prior to levy.  Section 6330(c)(2)(B), provides that the validity of the underlying liability may be challenged in a Collection Due Process hearing.

D.    Federal tax regulation 301.6330(e), Title 26, Code of Federal Regulations, §

---

[3] 28 USCS § 1651 was enacted to meet cases where there was no specific process provided by statute, John Gund Brewing Co. v United States (1913, CA8 ND) 204 F 17, *mod* (CA8 ND) 206 F 386, and is necessary because federal courts, being courts of limited jurisdiction, would not otherwise possess tools necessary to implement their jurisdictional grants. ITT Community Development Corp. v Barton (1978, CA5 Fla) 569 F2d 1351.

[4] The July, 2002 edition of RIA Federal Tax Regulations includes the note: "Caution: The Treasury has not yet amended Reg §301.7433-1 to reflect changes made by P.L. 105-206, P.L. 104-168," reflecting the addition of negligence as a basis for disregard of provision of Title 26, United States Code., or any regulation promulgated under Title 26, United States Code,

301.6330-1(e), reiterates that:

> "The taxpayer also may raise challenges to the existence or amount of the tax liability specified on the CDP Notice for any tax period shown on the CDP Notice if the taxpayer did not receive a statutory notice of deficiency for that tax liability or did not otherwise have an opportunity to dispute that tax liability."

IV.     FACTUAL BACKGROUND — Plaintiff John A. Thoma

A.      Since June, 2004, defendants have taken more than 3,800.00 from me, by means of an invalid and unlawful Notice of Levy, causing my credit to be damaged; title to my property to be clouded and disparaged; and I have been prevented from conducting my affairs at my discretion.

B.      Defendants, through principals, officers, agents, and/or employees of the Internal Revenue Service have failed to record an assessment for the taxes I am alleged to owe.

C.      Defendants have failed to act in response to my requests, pursuant to my statutory right found in section 6103(d) of the INTERNAL REVENUE CODE of 1986, and implemented through federal regulation 301.6103-1(c), – due process of which is my secured right in the Fifth Amendment – for the agency records allegedly supporting their actions.

D.      Defendants have failed to act in response to my requests, pursuant to my statutory right found in section 6203 of the INTERNAL REVENUE CODE of 1986, *68A Stat 3, § 6203* for copies of the assessments alleged.

E.      Defendants have failed to act in response to my requests, pursuant to TREASURY DECISION 6119, dated 12/31/54,

    1.      as amended by TREASURY DECISION 6425, dated 11/10/59, and,

    2.      TREASURY DECISION 6498, dated 10/24/60, and

    3.      TREASURY DECISION 6585, dated 12/27/61,

    4.      also known as federal tax regulation 301.6203-1,

    for a certified photocopy (only) of each summary record of assessment.

F.      Defendants are bound by Act of Congress, in section 6103 of the INTERNAL REVENUE CODE of 1986, (Exhibit C) subsection (d), *68A Stat 3, § 6103(d)*, comply with such requests.

G.  Defendants, through principals, officers, agents, and/or employees violated Internal Revenue Service Code section 7491(b) by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers.

H.  Defendants, through principals, officers, agents, and/or employees violated IRC section 7491(c) by refusing to produce any evidence with respect to the imposition of penalties and additions to my alleged tax bill.

I.  Defendants, through principals, officers, agents, and/or employees violated IRC section 6751(a) by failing to include in a notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty.

J.  Defendants, through principals, officers, agents, and/or employees violated IRC section 6751(b)(1) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination.

K.  Beginning at an unknown time Defendants, through principals, officers, agents, and/or employees violated IRC section 7602(a) conducting a presumed financial status audit.

L.  Beginning at an unknown time, defendants, through principals, officers, agents, and/or employees violated IRC section 7602(c) by failing to provide reasonable notice to me that IRS employees were contacting third parties regarding the taxes I allegedly owed.

V.  ALLEGATIONS:

A.  COUNT ONE:

By reckless or intentional disregard of section 6330 of the Internal Revenue Code of 1986, *68A Stat 3, § 6330*, or by reason of negligence: defendants, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, have taken more than 3,800.00 from me since June, 2004 by means of an invalid and unlawful Notice of Levy. This total has been taken from my Social Security payments at a rate of 55%, far in excess of the 15% limit authorized by law.

Upon information and belief, the failure of administrative procedure identified above

was,

    1.    arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

    2.    contrary to constitutional right, power, privilege, or immunity;

    3.    in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

    4.    without observance of procedure required by law;

    5.    unsupported by substantial evidence in a case subject to sections 556 and 557 of this title [Title 5] or otherwise reviewed on the record of an agency hearing provided by statute; or

    6.    unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

Upon information and belief, the failure of administrative procedure identified above was intended to defeat the application of section 6330, and deprive me of a CDP hearing, in violation of IRC § 7214(a)(3).

B.    COUNT TWO

By reckless or intentional disregard of section 6203 of the Internal Revenue Code of 1986, *68A Stat 3, § 6203*, or by reason of negligence: defendants, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record an assessment for the taxes I am alleged to owe.

Upon information and belief, the failure of administrative procedure identified above was, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence in a case subject to sections 556 and 557 of Title 5, United States Code, or otherwise reviewed on the record of an agency hearing provided by statute, and unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

Upon information and belief, the failure of administrative procedure identified above was intended to defeat the application of section 6203, in violation of IRC § 7214(a)(3).

C.    COUNT THREE

By reckless or intentional disregard of federal tax regulation 301.6203-1, or by reason of negligence: defendants, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute a signed summary record of assessment, which includes,

    1.     identification of the taxpayer;

    2.     character of liability assessed;

    3.     taxable period, if applicable; and,

    4.     amount of assessment

Upon information and belief, the failure of administrative procedure identified above was, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence in a case subject to sections 556 and 557 of Title 5, United States Code, or otherwise reviewed on the record of an agency hearing provided by statute, and unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

Upon information and belief, the failure of administrative procedure identified above was intended to defeat the application of federal tax regulation 301.6203-1, in violation of IRC § 7214(a)(3).

D.    COUNT FOUR

By reckless or intentional disregard of section 6203 of the Internal Revenue Code of 1986, *68A Stat 3, § 6203*, or by reason of negligence: defendants, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, have failed to act in response to my requests for copies of the assessments alleged.

Upon information and belief, the failure of administrative procedure identified above was, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence in a case subject to sections 556 and 557 of Title 5, United States Code, or otherwise reviewed on the record

1   of an agency hearing provided by statute, and unwarranted by the facts to the extent that

2   the facts are subject to trial de novo by the reviewing court.

3   Upon information and belief, the failure of administrative procedure identified above was

    intended to defeat the application of federal tax regulation 301.6203-1, in violation of

4   IRC § 7214(a)(3).

5   E.      COUNT FIVE

6   By reckless or intentional disregard of federal tax regulation 301.6203-1, or by reason of

    negligence: defendants, through principals, officers, agents, and/or employees of Internal

7   Revenue Service, purported to be a component of the Department of Treasury, have

8   failed to act in response to my requests for copies of the signed summary records of

    assessment, which include,

9
            1.      identification of me, John A. Thoma, as the taxpayer;
10
            2.      character of liability assessed;
11
            3.      taxable period, if applicable; and,
12
            4.      amount of assessment
13
    Upon information and belief, the failure of administrative procedure identified above

14  was, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

    law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory

15  jurisdiction, authority, or limitations, or short of statutory right; without observance of

16  procedure required by law; unsupported by substantial evidence in a case subject to

    sections 556 and 557 of Title 5, United States Code, or otherwise reviewed on the record

17  of an agency hearing provided by statute, and unwarranted by the facts to the extent that

18  the facts are subject to trial de novo by the reviewing court.

    Upon information and belief, the failure of administrative procedure identified above was

19  intended to defeat the application of federal tax regulation 301.6203-1, in violation of

20  IRC § 7214(a)(3).

21  F.      COUNT SIX

    By reckless or intentional disregard of section 6103(d) of the Internal Revenue Code of

22  1986, *68A Stat 3, § 6103(d)*, or by reason of negligence: defendants, through principals,

23  officers, agents, and/or employees of Internal Revenue Service, purported to be a

24  component of the Department of Treasury, by and through the Fresno Service Center,

1    failed to comply with my lawful request for a certified copy of the Substitute(s) for

2    Return(s) purportedly made and executed under authority of section 6020 of the Internal

3    Revenue Code of 1986, *68A Stat 3, § 6020.*

     Upon information and belief, the failure of administrative procedure identified above

4    was, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

5    law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory

6    jurisdiction, authority, or limitations, or short of statutory right; without observance of

     procedure required by law; unsupported by substantial evidence in a case subject to

7    sections 556 and 557 of Title 5, United States Code, or otherwise reviewed on the record

8    of an agency hearing provided by statute, and unwarranted by the facts to the extent that

     the facts are subject to trial de novo by the reviewing court.

9
     Upon information and belief, the failure of administrative procedure identified above was

10   intended to defeat the application of section 6103(d), in violation of IRC § 7214(a)(3).

11   G.    COUNT SEVEN

     By reckless or intentional disregard of section 7491(b) of the Internal Revenue Code of

12   1986, *68A Stat 3, § 7491(b)*, or by reason of negligence: defendants, through principals,

13   officers, agents, and/or employees violated Internal Revenue Service Code section

14   7491(b) by refusing to prove items of income which were reconstructed solely through

     the use of statistical information on unrelated taxpayers.

15
     Upon information and belief, the failure of administrative procedure identified above

16   was, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

17   law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory

18   jurisdiction, authority, or limitations, or short of statutory right; without observance of

     procedure required by law; unsupported by substantial evidence in a case subject to

19   sections 556 and 557 of Title 5, United States Code, or otherwise reviewed on the record

20   of an agency hearing provided by statute, and unwarranted by the facts to the extent that

     the facts are subject to trial de novo by the reviewing court.

21
     Upon information and belief, the failure of administrative procedure identified above was

22   intended to defeat the application of section 7491(b) of the Internal Revenue Code of

23   1986, *68A Stat 3, § 7491(b)*; a violation of section 7214, subsection (a), paragraph (3).

     Upon information and belief, the failure of administrative procedure identified above was

24

intended to defeat the application of section 6330, and deprive me of a CDP hearing, in violation of IRC § 7214(a)(3).

H.    COUNT EIGHT

By reckless or intentional disregard of section 7491(c) of the Internal Revenue Code of 1986, *68A Stat 3, § 7491(b)*, or by reason of negligence: defendants, through principals, officers, agents, and/or employees violated Internal Revenue Service Code section 7491(c) by refusing to produce any evidence with respect to the imposition of penalties and additions to my alleged tax bill.

Upon information and belief, the failure of administrative procedure identified above was intended to defeat the application of section 7491(c) of the Internal Revenue Code of 1986, *68A Stat 3, § 7491(b)*; a violation of section 7214, subsection (a), paragraph (3).

Upon information and belief, the failure of administrative procedure identified above was intended to defeat the application of section 7491(c), and deprive me of due process of law, in violation of IRC § 7214(a)(3).

I.    COUNT NINE

By reckless or intentional disregard of section 6751(a) of the Internal Revenue Code of 1986, *68A Stat 3, § 6751(a)*, or by reason of negligence: defendants, through principals, officers, agents, and/or employees violated IRC section 6751(a) by failing to include in a notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty.

Upon information and belief, the failure of administrative procedure identified above was intended to defeat the application of section 6751(a) of the Internal Revenue Code of 1986, *68A Stat 3, § 6751(a)*; a violation of section 7214, subsection (a), paragraph (3).

Upon information and belief, the failure of administrative procedure identified above was intended to defeat the application of section 6751(a), and deprive me of due process of law, in violation of IRC § 7214(a)(3).

J.    COUNT TEN

By reckless or intentional disregard of section 6751(b)(1) of the Internal Revenue Code of 1986, *68A Stat 3, § 6751(b)*, or by reason of negligence: defendants, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty

1    determination.

2    Upon information and belief, the failure of administrative procedure identified above was

3    intended to defeat the application of section 6751(b) of the Internal Revenue Code of
     1986, *68A Stat 3, § 6751(b)*; a violation of section 7214, subsection (a), paragraph (3).

4    Upon information and belief, the failure of administrative procedure identified above was

5    intended to defeat the application of section 6751(b), and deprive me of due process of

6    law, in violation of IRC § 7214(a)(3).

     K.    COUNT ELEVEN

7    By reckless or intentional disregard of section 7602(a) of the Internal Revenue Code of

8    1986, *68A Stat 3, § 7602(a)*, or by reason of negligence beginning at an unknown time,
     defendants, through principals, officers, agents, and/or employees violated IRC section

9    7602(a) by conducting a presumed financial status audit.

10   L.    COUNT TWELVE

11   By reckless or intentional disregard of section 7602(c) of the Internal Revenue Code of

12   1986, *68A Stat 3, § 7602(c)*, or by reason of negligence beginning at an unknown time,
     defendants, through principals, officers, agents, and/or employees violated IRC section

13   7602(c) by failing to provide reasonable notice to me that IRS employees were contacting

14   third parties regarding the taxes I allegedly owed.

15   VI.   SUMMARY

16   A.    Pursuant to section 7433(b) of the Internal Revenue Code of 1986, *26 USC §*

17         *7433(b)*,

           In any action brought under subsection (a), upon a finding of liability on the part
18         of the defendant, the defendant shall be liable to the plaintiff in an amount equal

19         to the lesser of $ 1,000,000.00 or the sum of –

20               (1)    actual, direct economic damages sustained by the plaintiff

21                      as a proximate result of the reckless or intentional actions
                        of the officer or employee, and,

22               (2)    the costs of the action.

23   B.    Violations of section 7214 of the Internal Revenue Code of 1986, *68A stat 3, §*

24         *7214*, call for a violator thereof to be,

"dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both and. The court also shall render judgment against the said officer or employee for the amount of damages sustained in favor of the party injured, to be collected by execution."

WHEREFORE, Plaintiff John A. Thoma seeks relief in the following particulars:

1. An ORDER, directing defendants to restore to Plaintiff all amounts taken without record support; and,

2. directing defendants to pay interest thereon, in at the rate(s) established for overpayment; and,

3. directing defendants to pay legal fees and such other and further damages as the court deems just and proper.

Alternatively, jury trial is demanded.

Respectfully entered this _____ day of November, 2005.

John A. Thoma

John A. Thoma